IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**JOHN KMETZ,**

      Plaintiff,

    v.

**UNIVERSITY OF DELAWARE, RICK L. ANDREWS, In his individual and official capacities, THOMAS E. BECKER, In his individual and official capacities, BRUCE WEBER, In his individual and official capacities, NANCY BRICKHOUSE, In her individual and official capacities,**

      Defendants.

Civil Action No. 14-309-RGA

MEMORANDUM OPINION

Michael G. Rushe, Esq., Hudson Jones Jaywork & Fisher, Dover, DE; Mark Frost, Esq., Ryan Lockman, Esq., Mark B. Frost & Associates, Philadelphia, PA, Attorneys for Plaintiff.

James D. Taylor, Jr., Esq., William E. Manning, Esq., Gerard M. Clodomir, Esq., Saul Ewing LLP, Wilmington, DE, Attorneys for Defendants.

June 25, 2014

*Andrew G. Andrews*
ANDREWS, U.S. District Judge:

The Plaintiff filed this action against the Defendants claiming due process violations under 42 U.S.C. § 1983 ("Count I") and breach of contract ("Count II"). (D.I. 1 at 15-18). Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants move to dismiss Count I of the Complaint as to all Defendants and Count II as to the Individual Defendants. (D.I. 9 at 1). The Defendants also move to strike portions of the Plaintiff's Prayer for Relief pursuant to Fed. R. Civ. P. 12(f). (*Id.*). The Court's jurisdiction over Count I is pursuant to 28 U.S.C. § 1331 and the Court has supplemental jurisdiction over Count II, a state law claim, pursuant to 28 U.S.C. § 1367.

According to the Complaint, the Plaintiff is a tenured associate professor who was denied a promotion to full professor. (D.I. 2, 15). He claims that it was a part of his contract that he could be promoted for "service" (as opposed to scholarship or teaching), and that there were irregularities in the process used to consider, and deny, his request for promotion. (D.I. 4, 15-16). The Complaint alleges that the process was not "fair and impartial" and that the wrong criteria were used. (*Id.*).

In addressing a claim made pursuant to 42 U.S.C. § 1983, courts engage in a two-step inquiry. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). First, courts ask whether "the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property'"; and second, whether the procedures available provided the plaintiff with "due process of law." *Id.* Here, the Plaintiff asserts that the Defendants deprived him of his constitutionally protected property rights. (D.I. 1 at 16-17). The Supreme Court, in *Board of Regents of State College v. Roth*, held that in order to hold a property interest in a benefit, a person must have a legitimate claim of entitlement to the interest rather than an abstract need or desire for it or a unilateral expectation of obtaining that benefit. 408 U.S. 564, 578 (1972). The Plaintiff concedes that a government employee does not ordinarily have a property right in a promotion.

2

(D.I. 11 at 14).[1] Rather, the Plaintiff asserts a legitimate claim of entitlement to the procedures contained in the University of Delaware's promotional policy, including promotions based on a "service track." (D.I. 11 at 14). This distinction, the Plaintiff argues, has been recognized by courts, including the Third Circuit, as potentially creating property interests. (*Id.* at 14-15).

Defendants respond that courts have time and again made clear that specific university guidelines for promotion do not create property interests protected by the Fourteenth Amendment. (D.I. 9 at 5, 6). In support of their claim, the Defendants cite *Kovats v. Rutgers, The State University*, 822 F.2d 1303 (3d Cir. 1987). In *Kovats*, while the court did not formally rule on the subject, it stated that the "Supreme Court has made clear that promises of specific procedures do not create property interests." *Id.* at 1314. The court went on to suggest that, without more, a party cannot assert a property interest in regulations setting out procedures for tenure evaluations. *Id.* The court also suggested that a contract by itself was insufficient: "it is difficult to ascertain whether [the] claim falls under traditional constitutional principles or merely states a claim for breach of contract." *Id.*

The Court agrees with the Defendants' position. While courts have recognized that university procedures may give rise to definite property interests, these procedures must have been enacted to limit University officials' discretion in making decisions. *Id.*; *see also Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) ("a constitutionally protected interest is created only if the procedural guidelines are intended to be a 'significant substantive restriction' on University decision making"); *Teigen v. Renfrow*, 511 F.3d 1072, 1081 (10th Cir. 2007). The Ninth Circuit's opinion in *Goodisman* is particularly helpful in this matter. In *Goodisman*, the court found, first, that the procedural steps for tenure and promotion evaluation had no constitutional significance;

---

[1] The Third Circuit, in *Robb v. City of Philadelphia*, held that the plaintiff in that case could claim no legitimate claim of expectation to a promotion. 733 F.2d 286, 293 (3d Cir. 1984).

and, second, that the guidelines did not "enhance a candidate's expectation of receiving tenure enough to establish a constitutionally protected interest." 724 F.2d at 820. Similarly to the tenure procedures in *Goodisman*, the University of Delaware's promotional policy indicated three factors considered by University officials in making decisions on promotions. (D.I. 6-7). The University policy also had a promotion process schedule similar to the procedural steps determined to have no constitutional significance in *Goodisman*. (*Id.* at 7). Accordingly, the Court does not find the University of Delaware's policy to be a substantive limitation on the University officials' discretion. Rather, the criteria specified in the University's policy serve as guidelines for the University officials in exercising their discretion. For this reason, the Court finds that the Plaintiff does not have a constitutionally protected property interest in the promotional process contained in the University's policy.

The Court agrees with the Defendants that the cases cited by the Plaintiff in support of his claim are not persuasive. With regard to *Zavatsky v. O'Brien*, the Plaintiff relies on the court's recognition that a party could demonstrate a property interest in continued employment upon a showing of a *de facto* tenure policy in place. 902 F. Supp. 2d 135 (D. Mass. 2012). However, the more relevant point is that the court also ruled that the plaintiff in that case could not have a property interest in a merits-based promotion process. *Id.* at 142. Thus, *Zavatsky* supports the conclusion that the Plaintiff does not have a constitutionally-protected interest in this case.

Further, the Plaintiff's reliance on *Stana v. School Dist. Of City of Pittsburgh* is misguided. 775 F.2d 122 (3d Cir. 1985). There, the plaintiff was removed from an eligibility list without notice and an opportunity to be heard. *Id.* at 127. The court ruled that retention on the eligibility list was a *sine qua non* for employment as a teacher in that school district. *Id.* at 125. Thus, the court found that the interest in remaining on the eligibility list was a significant private interest,

4

reasoning that courts have frequently recognized the "severity of depriving a person of the means of livelihood." *Id.* at 128. The facts in *Stana* are not analogous to the facts in this case. Here, the Plaintiff's interest in receiving a promotion does not rise to the level of private interest discussed in *Stana.* For this reason, the Court does not find the court's ruling in *Stana* to be helpful to the decision in this case.

The Court grants the motion to dismiss Count I as to all Defendants. The parties agreed that if the Court granted the motion to dismiss the federal claim, it would be appropriate to decline to exercise supplemental jurisdiction over the breach of contract claim (D.I. 9 at 7; D.I. 11 at 19 n.4), which can presumably be filed and litigated in Superior Court. The Court need not address the Defendant's motion to strike portions of the Plaintiff's prayer for relief as that request is moot. A separate order will be entered.

5